I,MURRAY, J.,
concurring with reasons.
Upon divorce, Mr. and Mrs. Alpaugh entered into a Consent Judgment that specifically provided that Reade, their minor child, “shall reside [emphasis added] with the parent having physical custody,” which was to be his mother for the first six months and his father for the last six months of each year. At the time of the accident at issue here, Mr. Alpaugh was merely exercising his visitation rights as noncustodial parent, which was also specified in the agreement. This Consent Judgment was rendered on September 1, 1992, years before the accident that is the subject of this suit. Furthermore, Mrs. Alpaugh’s affidavit established that Reade Alpaugh, as per the terms of the custody agreement, was a resident of her household on March 15, 1998, the date of the accident.
Because the parties expressed their intent regarding Reade’s residence, and there is no evidence that they had not acted in accordance with that expressed intent, I agree with the majority that the trial court’s grant of summary judgment in favor of plaintiff on the issue of coverage should be affirmed.